[Civ. No. 8129.  Third Dist.  Apr. 29, 1952.]

FRANK MYRL CRANE, Respondent, v. CITY OF UKIAH
et al., Defendants; HORTON WHIPPLE, Appellant.

Kirkbride, Wilson, Harzfeld & Wallace for Appellant.

Mannon & Brazier and Burke & Rawles for Respondent.

VAN DYKE, J.—On October 15, 1948, plaintiff and respondent Crane entered into a contract with defendant city of Ukiah, a municipal corporation, whereby Crane undertook, as general contractor, to construct a reservoir for the city. On October 27, 1948, defendant and appellant Whipple and the city entered into a contract whereby he was employed as consulting engineer to furnish and provide all necessary engineering services in connection with the construction of the reservoir for a fee of $7,250.  Crane's contract with the city required that he complete the work of construction in

120 working days, which requirement he did not comply with. Upon his application the city granted two extensions of time and the reservoir was finally completed on January 4, 1950. The first extension of time was granted April 20, 1949, and the minutes of the council showed that the application for extension was granted "with the provision there is no further expense to the City of Ukiah" and the recital that "Councilman Hughes stated Mr. Crane had agreed to pay the additional engineering fees at the time the extensions of time were granted." Upon this subject Crane testified at the trial that he appeared before the city council on April 20th, requested the extension of time, was asked by the council whether or not, if the extension was granted, there would be additional expense to the city for engineering services, and that he had agreed that if there were any extra engineering costs incurred by the city he would bear them; that the second extension was made upon the same condition; that he was acquainted with the provisions of Whipple's contract with the city for engineering; and that when he told the council he would bear any extra engineering costs that might accrue because of the extensions granted him he had in mind and had read the Whipple contract which provided that Whipple would receive a fixed fee for doing the work and that in view of that provision he could not see where there could be any additional charges. Appellant Whipple rendered the engineering services called for, not only during the initial period of 120 days working time, but through the various extensions. Up to April 18, 1949, which approximately measured the 120-day work period, Whipple billed the city at various times and was paid the full fee of $7,250 specified in his contract as the amount which he was to be paid for all necessary engineering. Thereafter and through the periods of the extensions granted he continued to render engineering services and continued to submit bills. For the period between April 18, 1949, and June 30th of the same year he billed the city and was paid a total of $2,936.32, and for the period from July 31st to December 30th of that year he billed the city for an additional total of $4,657.60, which claims were approved by the council, but were not paid. It thus appeared that, after an agreed credit of $202.92 upon these claims against the city had been given, appellant Whipple had been allowed payments and approved claims totaling $7,391 in addition to the contract fee of $7,250.

■ Crane's contract with the city contained a provision that if the city should decide to extend the time limit for the completion of the contract it should have the right "to charge to the Contractor, . . . and to deduct from the final payment for the work, all or any part, as it may deem proper of the actual cost of engineering, inspection, superintendence, and other overhead expenses which are directly chargeable to the contract, and which accrue during the period of such extension." The contract contained the further provision that upon completion of the work the city should pay the entire sum due "after deducting therefrom all previous payments and all amounts to be kept and all amounts to be retained under the provisions of the contract." Purporting to act under these provisions, the city in its final settlement with Crane claimed a credit against the final payment of the amount it had paid and allowed Whipple for extra engineering services directly chargeable, as it contended, to the contract, and accruing during the period of extensions granted. Crane, claiming that under Whipple's contract and the facts as related, no engineering charges were properly chargeable and therefore deductible, brought action against the city for the sum withheld. He joined appellant Whipple as a party, it being alleged as to him only that he, without right, claimed a lien or interest on the unpaid balance. Crane asked the trial court to adjudge that the city owed him the balance sued for and that Whipple's claims thereto were without right. The city and Whipple each separately answered. The city set forth its claim of right to withhold the money. Whipple asserted an interest and a lien upon the withheld fund for the stated reason that the contract between Crane and the city contained the provisions as to the city's right to withhold from Crane and charge to him engineering costs arising from extensions of time granted. His theory was that those provisions constituted a contract made expressly for his benefit. The trial court found in favor of Crane. It found that Whipple had no claim upon the funds and that he had been fully paid for his services by the payment to him of the expressed fee of $7,250. More specifically, the court found that Whipple had not performed any services directly or indirectly chargeable to Crane by reason of the extensions and that the city, therefore, had no authority to withhold from the final payment due Crane any sum whatever. It arrived at this result by construing the contract between Whipple and the city as being a flat fee contract.

Judgment was accordingly rendered in favor of Crane against the city for the balance of the full contract price. From this judgment Whipple has appealed. The city of Ukiah did not appeal.

The contract between Crane and the city in respect of the right of the city upon granting an extension to charge to Crane and deduct from the final payment for the work actual cost of engineering accruing during the period of the extension is claimed by appellant to have been expressly for his benefit and he argues that he is entitled to rely upon it even to the extent that he would have a right of action against the city to enforce the beneficial interest he claims accrued to him if the city had not withheld the funds. These contentions of Whipple cannot be sustained. First, the city did not undertake to deduct any sums. By its contract with Crane it did no more than to reserve to itself the right, should it elect to do so, to make engineering and other charges against Crane. It agreed with Crane that it should have the right to charge him for all or any part as it might deem proper of the cost of engineering and other costs accruing during the period of extension. Whipple is not named nor does the contract purport to obligate the city to make such deduction for the benefit of the engineer who might become the city's engineer on the work. To be sure, some incidental benefits might flow to Whipple if the city did elect to exercise its right to withhold any amount which it thought proper to charge against Crane, but "While section 1559 of the Civil Code provides that 'a contract, made expressly for the benefit of a third person, may be enforced by him . . .', there is no law whereby one who is incidentally benefited by a contract may enforce it." (*Balkins* v. *County of Los Angeles,* 81 Cal.App.2d 42, 49 [183 P.2d 137], and cases cited.) No portion of the contract between Crane and the city was for the benefit of Whipple. When the city determined to make the disputed charges against Crane, purporting to act pursuant to the provisions of its contract with him, it exercised the right for its own benefit, and no right, interest or lien upon the funds so withheld vested in Whipple. Whatever his rights were against the city for additional engineering fees by reason of the extensions granted Crane, they must be determined alone by his contract with the city and upon a controversy between them. Crane's complaint tendered no issues with respect to these rights. He sued only to recover from the city an alleged balance due him for completion

of his contract and to have it determined that whatever claim Whipple might make to an interest in his cause of action was without right. Whipple by his answer set up the provisions of the Crane-city contract we have discussed, but in doing so and for the reasons we have set forth he stated no claim or right or interest in law to any money due Crane. The city, on the other hand, by its answer set up the same provisions of the contract between itself and Crane and alleged that it had, pursuant thereto, rightfully withheld the disputed fund. It claimed a credit equal to the balance sued for. The issues thus tendered were litigated solely between the city and Crane. The trial court found against the city upon the issues so tendered and the city has not appealed. That judgment, therefore, has become final. Insofar as Whipple's appeal challenged the trial court's judgment that he had no right or interest in any matters at issue between Crane and the city, his appeal must fail for the reasons above stated. He had no such interest. These considerations completely dispose of the appeal, and the judgment must be affirmed. ■ While the briefs discuss the trial court's construction of the Whipple contract, it is unnecessary to consider the matter because, as to Whipple, the judgment appealed from adjudges no issues thereon as between Whipple and the city. They were not adversaries in the action. (49 C.J.S., Judgments, § 37, p. 94.) They, by their pleadings, tendered no issues as to each other. Indeed, as we have said, Whipple, by his pleading, tendered no issues at all. The judgment appealed from by Whipple will not impede either party to it if hereafter the interpretation of the contract between Whipple and the city becomes matter at issue between them.

The judgment is affirmed.

Peek, J., and Schottky, J. pro tem., concurred.